## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

Lee                                                          Civil Action No. 15-00754

versus                                          Magistrate Judge Carol B. Whitehurst

Ackal, et al                                                  By Consent of the Parties

### MEMORANDUM ORDER

Before the Court is a Re-urged Motion To Stay Proceedings filed by defendants Sheriff Louis Ackal, Deputy Lucas Plauche and Deputy Lester Hebert ("Defendants") [Rec. Doc. 30] and a Memorandum in Opposition filed by plaintiff, Whitney Paul Lee, Jr. [Rec. Doc. 34].  For the reasons that follow, Defendants' motion will be granted.

*Background*

Plaintiff was incarcerated at the Iberia Parish Jail on October 10, 2014. Plaintiff makes the following allegations in his Complaint: While he was in the medical department waiting to receive treatment for asthma, Plaintiff was taken to the recreation yard during a jail contraband search of his housing unit.  Plaintiff and other inmates were strip searched and instructed to sit on the ground and face the wall.  Defendant Plauche instructed the inmates to make a square on the ground and place their nose in the square. During the incident, Plaintiff was having difficulty breathing. When he expressed this difficulty, Plauche struck him repeatedly with his baton. Deputy Plauche then instructed Defendant Hebert to shoot him with the shot-gun loaded with a "bean bag round." Deputy Hebert fired one shot to Plaintiff's leg. Thereafter Plaintiff was taken to the medical department by the Warden.

Plaintiff filed this action against Sheriff Ackal in his official capacity and Deputies Plauche and Hebert, individually and in their official capacities under 42 U.S.C. §§ 1983 and 1988 alleging excessive force in violation of his Fourth Amendment rights and due process violations under the Eighth and Fourteenth Amendments, as well as state law claims.

*Law and Analysis*

"There is no general federal constitutional, statutory, or common law rule barring the simultaneous prosecution of separate civil and criminal actions by different federal agencies against the same defendant involving the same transactions. Whether to stay a civil action pending resolution of a parallel criminal prosecution is thus not a matter of constitutional right, but rather, one of court discretion, which should only be exercised when the interests of justice so require. *United States v. Kordel*, 397 U.S. 1, 11 (1970); *In re Beebe*, 56 F.3d 1384, *2 (5th Cir.1995)("a district court has a discretionary power to stay proceedings before it in the control of its docket and in the interests of justice, but this control is not un-bounded."). "Certainly, a district court may stay a civil proceeding during the pendency of a parallel criminal proceeding." *U.S. v. Little A1*, 712 F.2d 133, 136 (5th Cir.1983). However, such a stay contemplates "special circumstances" and the need to avoid "substantial and irreparable prejudice." *Id.* "The granting of a stay of civil proceedings due to pending criminal investigation is an extraordinary remedy, not to be granted lightly. *In re Who's Who Worldwide Registry, Inc.*, 197 B.R. 193, 195 (Bankr.E.D.N.Y.1996)." *U.S. v. Simcho*, 326 Fed.Appx. 791, 792-793 (5th Cir., 2009).

In deciding whether to grant a request to stay the civil side of parallel civil/criminal proceedings, the Fifth Circuit has provided the following guidance:

> Judicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other.  In some situations it may be appropriate to stay the civil proceeding. In others it may be preferable for the civil suit to proceed-unstayed. In the proper case the trial judge should use his discretion to narrow the range of discovery.

*Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir.1962). "But before granting a stay pending resolution of another case, the court must carefully consider the time reasonably expected for

2.

resolution of the other case, in light of the principle that stay orders will be reversed when they are found to be immoderate or of an indefinite duration." *In re Beebe* at *3. Furthermore, after some (unspecified) period of time, "courts should reconsider the fairness of a stay order in light of present day realities." *Id.*

Courts within the Fifth Circuit have looked to six factors to determine whether the civil action should be stayed: "(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest." *Alcala v. Tex. Webb Cty.*, 625 F.Supp.2d 391, 399 (S.D.Tex.2009) (collecting district court cases within the Fifth Circuit applying this test).

*Application of Factors for Issuance of a Stay*

*1. The extent to which the issues in the criminal case overlap with those presented in the civil case*

Where there exists overlap between the civil and criminal proceedings, courts often feel compelled to grant a  stay.  *See, Kelly Marie Villani v. Adellatif E. Devol*, 2016 WL 1383498, at *3 (M.D.La., 2016) ("[T]here is significant  overlap between the civil and criminal cases such that this factor weighs in favor of a stay"); *Waste Management of Louisiana, LLC v. River Birch, Inc.*, 2012 WL 520660, at *4 (E.D. La. Feb. 15, 2012) ("There is no evidence to indicate any substantive differences in the subject matter of the lawsuits. As a result, the extent of the overlap between the suits weighs heavily in favor of granting a stay."); *Doe v. Morris,* 2012 WL 359315, at *1 (E.D. La. Feb. 2, 2012) ("The significant overlap of issues in both actions counsels in favor of a stay."). Many courts have

3.

found that "the similarity of the issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay."

The pending criminal action against Sheriff Ackal and various officers and supervisors of the Sheriff's Office "known and unknown" alleges, *inter alia*, a conspiracy to "injure, oppress, threaten, and intimidate inmates and pre-trial detainees." Likewise, Plaintiff's Complaint in this civil case includes similar allegations. The Affidavit of Steve Elledge, the General Counsel and record-keeper for the Iberia Parish Sheriff, confirms that the incident in this lawsuit is also the subject of an ongoing investigation by the Department of Justice. *R. 15-2.* Elledge  states that the same materials that were provided to Plaintiff during discovery in this matter have been subpoenaed for a federal grand jury. *Id.* Elledge further states that agents with the Federal Bureau of Investigation have been interviewing and continue to interview the Deputies that are parties and witnesses to this litigation. *Id.* Based on these statements and after considering the Complaint in this case and the indictment of Sheriff Ackal, the Court is convinced that the subject matter of this suit is virtually "identical" to the nature of the criminal indictment and the ongoing investigation. Therefore, this factor weighs in favor of issuing a stay.

*2. Status of Criminal Proceedings*

Here, Sheriff Ackal has been criminally indicted and criminal charges against him are pending. "Generally, a stay of a civil case is 'most appropriate' when a party to the civil action has already been indicted for the same conduct." *Modern American Recycling Serv. v. Dunavant*, 2012 WL 1357720, at 3 (E.D. La. April 19, 2012).  The status of the criminal case "is largely linked with the fourth factor, the potential burden on Defendant in not granting the stay." *LeBouef v. Global X-Ray*, 2008 WL 239752, at *2 (E.D. La. Jan. 29, 2008). This is because "[w]here a criminal indictment has been issued, there is a greater risk

4.

of self-incrimination...." *Id*. As explained by one court, "[o]ne primary goal of a stay, when a stay is indeed warranted, is to preserve a defendant's Fifth Amendment right against self-incrimination and to resolve the conflict he would face between asserting this right and defending the civil action." *Alcala v. Texas Webb County*, 625 F.Supp.2d 391, 397 (S.D. Tex. 2009).

While Deputy Plauche and Deputy Hebert have not been criminally charged, the investigation of all defendants remains ongoing and the possibility of indictments against them cannot be ruled out.  Even when there are not yet criminal charges filed, "this fact does not militate against the granting of a stay of discovery." *SEC v. Offill*, 2008 WL 958072, at *3 (N.D.Tex. Apr.9, 2008). In fact, some district courts within this Circuit have found that "when the government seeks a stay of civil discovery, the justification for obtaining a stay is often strongest before an indictment is handed down." *Id*. at * 2–3.

The  investigation and the Grand Jury proceedings have commenced and are ongoing. Allowing Defendant(s) to depose prospective State witnesses through the civil discovery process would prejudice the State because it would allow Defendant(s) "to gain advance notice of the witnesses' testimony in the criminal prosecution and an opportunity to shape his own testimony." *Dominguez v. Hartford Fin. Serv. Group, Inc*., 530 F.Supp.2d 902, 908 (S.D. Tex. 2008).  The Court finds that the parallel civil litigation could disrupt the progress of the criminal investigation, and therefore this factor weighs in favor of a stay.

*3. Plaintiff's Interest*

Plaintiff contends he would be prejudiced by a stay, considering that the trial in this matter is set to commence on August 8, 2016. The Court agrees that the Defendants' requested stay presents a high risk of prejudice to Plaintiff, who has a strong interest in the

resolution of this matter. Therefore, this factor weighs against the issuance of a stay under the terms set forth in the Defendants' motion.

*4. Defendants' Interest*

Defendants contend that  to the extent they have criminal exposure, a stay of the civil case would allow them to properly address any criminal culpability first, prior to any civil liability. *R. 30-1.* Plaintiff contends that it will be prejudiced by a stay because it is eager for its day in court and is entitled to resolution of the pending claims. *R. 34-1.*  While the Court agrees that an unconditional stay for unlimited duration would present a high risk of prejudice to the Plaintiff in this litigation, Defendants' request for a stay of this action until completion of the criminal suit would not result in an immoderate or indefinite delay. *See, In re Ramu Corp*., 903 F.2d 312, 318 (5th Cir. 1990) (noting that "[e]ven discretionary stays, however, will be reversed when they are 'immoderate or of an indefinite duration.' ").

*5. The Court's Interest*

"The Court has interests in judicial economy and expediency,"  *Doe v. Morris*, 2012 WL 359315, at *2 (E.D. La. Feb. 2, 2012), and granting a stay serves those interests because "conducting the criminal proceedings first advances the judicial economy." *Offill*, 2008 WL 958072, at *3. The "conviction of a civil defendant as a result of the entry of a plea or following a trial can contribute significantly to the narrowing of issues in dispute in the overlapping civil cases and promote settlement of civil litigation not only by that defendant but also by co-defendants who do not face criminal charges." *Alcala*, 625 F.Supp.2d at 406. If a stay were not granted, it is almost certain that duplicative legal findings would occur. Furthermore, allowing the criminal suit to proceed first may "streamline" this matter. There exists the possibility that collateral estoppel or res judicata will affect some or all of the overlapping issues as "[i]t is well established that a prior criminal conviction may work as

6.

estoppel." *U.S. v. Acadiana Cardiology, LLC*, 2014 WL 1320157, at *3 (W.D.La.,2014) (quoting *Emich Motors Corp. v. Gen. Motors Corp.*, 340 U.S. 558, 568 (1951)). On balance, this factor also weighs in favor of granting a stay.

*6. The Public Interest*

The Fifth Circuit has recognized that the public interest in law enforcement efforts though criminal investigation and prosecution is substantial:

> The very fact that there is clear distinction between civil and criminal actions requires a government policy determination of priority: which case should be tried first. Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities.

*Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962).

One of Plaintiff's main contentions is that a stay would delay the resolution of this case proceeding to trial. While the Court recognizes this as a valid concern, Fifth Circuit precedent advises that this interest is subservient to law enforcement's prerogative in this situation as an indictment has issued.  Based on the foregoing, the Court finds that a stay pending the completion of the criminal proceedings would not substantially harm Plaintiff's interests, and will therefore grant the pending motion subject to the following conditions.

**IT IS ORDERED** that the Motion For Stay filed by Defendants is **GRANTED** and the Clerk of this Court is to administratively close this action in his records, without prejudice to the right of the parties to file a joint motion to reopen this proceeding within ten (10) days of the date of resolution of the criminal case (a verdict of not guilty has been returned or sentencing has been completed), 6:16-cr-00048, currently pending in the Western District of Louisiana, Judge Donald E. Walter presiding.

This order shall not be considered a dismissal or disposition of this matter, and should further proceedings in it become necessary or desirable, any party may initiate such motion as if this order had not been entered.

Thus done and signed this 25th day of April, 2016, at Lafayette, Louisiana.


**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**

8.